# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDMOND D. SPENCER** | **CIVIL ACTION** |
| **versus** | **NO. 12-758** |
| **BURL CAIN, WARDEN** | **SECTION: "G" (3)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION** or, alternatively, **DISMISSED WITH PREJUDICE** as untimely.

On August 19, 1991, petitioner, Edmond D. Spencer, pleaded guilty under Louisiana law to simple burglary, battery on a police officer, and resisting arrest and "no contest" to unauthorized entry of an inhabited dwelling. On that same date, he was sentenced as follows: eight years on the simple burglary conviction; six years on the unauthorized entry conviction; and ninety

days each on the battery on a police officer and resisting arrest convictions. It was ordered that all of those sentences run concurrently.[1]

On or after July 19, 2010, petitioner filed with state district court a "Motion to Correct/Vacate an Illegal Sentence and Vacate an Illegal Guilty Plea."[2] That motion was denied as untimely on July 26, 2010.[3] His related writ applications were then likewise denied by the Louisiana First Circuit Court of Appeal on November 22, 2010,[4] and by the Louisiana Supreme Court on November 18, 2011.[5]

On March 14, 2012, petitioner filed the instant application for federal *habeas corpus* relief, claiming that his original pleas were not knowing and voluntary because he was not advised of his rights.[6] In a supplemental filing, he also argued that the trial court lacked jurisdiction to hear

---

[1] State Rec., Vol. I of IV, transcript of August 19, 1991.

[2] State Rec., Vol. III of IV. The United States Fifth Circuit Court of Appeals has held that federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana prisoner's *pro se* state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). That date cannot be gleaned with certainty with respect to this motion; however, it was obviously placed in the mail no earlier than July 19, 2010, the date it was signed.

[3] State Rec. Vol. III of IV.

[4] State v. Spencer, No. 2010 KW 1587 (La. App. 1st Cir. Nov. 22, 2010); State Rec., Vol. III of IV. The Court of Appeal also refused to consider petitioner's application for rehearing. State v. Spencer, No. 2010 KW 1587 (La. App. 1st Cir. Dec. 29, 2010); State Rec., Vol. III of IV.

[5] State *ex rel.* Spencer v. State, 75 So.3d 456 (La. 2011) (No. 2010-KH-2795); State Rec., Vol. III of IV.

[6] Rec. Doc. 1. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner states that he placed his federal application into the prison mailing system on March 14, 2012. See Rec. Doc. 1, p. 15.

his case and accept his pleas.[7] The state contends that this Court lacks subject matter jurisdiction in this case because petitioner is no longer in custody with respect to the convictions being challenged. The state additionally contends that, in any event, the instant petition is untimely.[8] The state is correct on both points.

## Subject Matter Jurisdiction

Federal district courts have jurisdiction to entertain petitions for writs of *habeas corpus* only from persons who are "*in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) and 2254(a) (emphasis added). As the state notes in its response, once a sentence imposed for a conviction has fully expired, a federal *habeas corpus* petitioner is no longer considered to be "in custody" with respect to that conviction. Maleng v. Cook, 490 U.S. 488, 492 (1989). Although petitioner is currently incarcerated, that incarceration stems from a *subsequent* criminal conviction; his sentences relating to the convictions challenged in the instant petition expired long ago. Because he is no longer "in custody" with respect to these convictions, the Court lacks subject matter jurisdiction to entertain the instant petition. Emerson v. Louisiana, Civ. Action No. 10-1846, 2010 WL 5375984, at *2 (E.D. La. Nov. 18, 2010), adopted, 2010 WL 5376359 (E.D. La. Dec. 14, 2010).

However, if the United States District Judge finds that this Court does in fact have jurisdiction in this matter, the undersigned notes that relief should still be denied because the petition is clearly untimely for the following reasons.

---

[7] Rec. Doc. 14.

[8] Rec. Docs. 11 and 12.

Timeliness

The instant petition is timely only if it was filed within the limitations period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Specifically, the AEDPA generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgments became "final."[9] With respect to prisoners, such as Spencer, whose convictions and sentences became final prior to the enactment of the AEDPA, the United States Fifth Circuit Court of Appeals has held that a grace period applies and that the one-year statute of limitations began to run in such cases on the AEDPA's effective date, April 24, 1996. Flanagan v. Johnson, 154 F.3d 196, 200-02 (5th Cir. 1998); see also United States v. Flores, 135 F.3d 1000 (5th Cir. 1998) (applying one-year grace period to actions filed pursuant to 28 U.S.C. § 2255). Therefore, petitioner's one year-period for seeking federal *habeas corpus* review with respect to these convictions expired on April 24, 1997, unless that deadline was extended through tolling.

The Court first considers statutory tolling. Regarding the statute of limitations, the AEDPA expressly provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, petitioner had no such applications pending at any time during the applicable one-year period, and so he clearly is not entitled to statutory tolling.

---

[9] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

The United States Supreme Court has held that the AEDPA's statute of limitations is also subject to *equitable* tolling. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). That said, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (internal quotation marks omitted); see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

Because petitioner is entitled to neither statutory tolling nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before April 24, 1997, in order to be timely. Because his federal application was not filed until March 14, 2012, it is clearly untimely.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that Edmond D. Spencer's petition for federal *habeas corpus* relief be **DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION** or, alternatively, **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[10]

New Orleans, Louisiana, this twenty-fourth day of July, 2012.

*Daniel E. Knowles, III*
**DANIEL E. KNOWLES**
**UNITED STATES MAGISTRATE JUDGE**

---

[10] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.