UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**EDMOND D. SPENCER**                                            **CIVIL ACTION**

**VERSUS**                                                       **NO. 12-758**

**BURL CAIN, WARDEN**                                            **SECTION: "G" (3)**

### ORDER AND REASONS

Before the Court is Petitioner Edmond D. Spencer's ("Petitioner") Petition for Writ of *Habeas Corpus*[1] and his timely filed objections[2] to the July 24, 2012 Report and Recommendation of the United States Magistrate Judge Daniel E. Knowles, III,[3] which recommends dismissal of Petitioner's federal *habeas corpus* petition.[4] For the reasons that follow, the magistrate judge's recommendation is affirmed.

### I. Background

Petitioner is a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, for a term of life imprisonment on a conviction for second degree murder under Louisiana law.[5] On August 19, 2011, prior to his conviction and sentence for second degree murder, Petitioner pleaded guilty to simple burglary, battery on a police officer, and resisting arrest and "no

---

[1] Rec. Doc. 1.

[2] Objections, Rec. Doc. 16.

[3] Report and Recommendation, Rec. Doc. 15.

[4] *Id.*

[5] State Rec., Vol. V of XII, transcript of October 30, 1998, p. 137; State Rec., Vol. I of XII, minute entry dated October 30, 1998; State Rec., Vol. II of XII, jury verdict form.

contest" to unauthorized entry of an inhabited dwelling (collectively, the "prior convictions"). On that same date, he was sentenced as follows: eight years on the simple burglary conviction; six years on the unauthorized entry conviction; and ninety days each on the battery on a police officer and resisting arrest convictions. It was ordered that all of those sentences run concurrently.[6]

On or after July 19, 2010, Petitioner filed with the state district court a "Motion to Correct/Vacate an Illegal Sentence and Vacate an Illegal Guilty Plea."[7] That motion was denied as untimely on July 26, 2010.[8] His related writ applications were then likewise denied by the Louisiana First Circuit Court of Appeal on November 22, 2010,[9] and then by the Louisiana Supreme Court on November 18, 2011.[10]

On March 14, 2012, petitioner filed the instant application for federal *habeas corpus* relief, claiming that his original pleas were not knowing and voluntary because he was not advised of his rights.[11] In a supplemental filing, he also argued that the trial court lacked

---

[6] State Rec., Vol. I of IV, transcript of August 19, 1991.

[7] State Rec., Vol. III of IV. The United States Fifth Circuit Court of Appeals has held that federal habeas courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana prisoner's pro se state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." *Causey v. Cain*, 450 F.3d 601, 607 (5th Cir. 2006). That date cannot be gleaned with certainty with respect to this motion; however, it was obviously placed in the mail no earlier than July 19, 2010, the date it was signed.

[8] State Rec. Vol. III of IV.

[9] *State v. Spencer*, No. 2010 KW 1587 (La. App. 1st Cir. Nov. 22, 2010); State Rec., Vol. III of IV. The Court of Appeal also refused to consider petitioner's application for rehearing. *State v. Spencer*, No. 2010 KW 1587 (La. pp. 1st Cir. Dec. 29, 2010); State Rec., Vol. III of IV.

[10] *State* ex rel. *Spencer v. State*, 75 So.3d 456 (La. 2011) (No. 2010-KH-2795); State Rec., Vol. III of IV.

[11] Rec. Doc. 1. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." *Roberts v. Cockrell*, 319 F.3d 690, 691 n. 2 (5th Cir. 2003). Petitioner states that he placed his federal application into the prison mailing system on March 14, 2012. *See* Rec. Doc. 1 at p. 15.

jurisdiction to hear his case and accept his pleas.[12] On July 24, 2012, Magistrate Judge Daniel E. Knowles recommended that the petition be dismissed for lack of subject matter jurisdiction or, alternatively, dismissed with prejudice as untimely.[13] Petitioner timely filed objections to the Report and Recommendation on July 30, 2013, arguing that "the state attempted to use the defendant's prior convictions . . . as aggravating factors against the defendant" in his trial and sentencing for second degree murder, even though his original pleas were not knowing and voluntary and the Louisiana trial court lacked jurisdiction to hear his case and accept his pleas.[14]

## II.  Law and Analysis

### A.  Standard of Review

A district judge "may accept, reject, or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[15] "[T]he district judge must determine *de novo* any part of the [report and recommendation] that has been properly objected to."[16] However, within the Fifth Circuit, a district court's review is limited to plain error of parts of the report which are not properly objected to.[17]

---

[12] Rec. Doc. 14.

[13] Rec. Doc. 15.

[14] Rec. Doc. 16.

[15] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[16] Fed. R. Civ. P. 72(b)(3).

[17] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. 636(b)(1) (extending time to file objections from ten to fourteen days).

B.  *Applicable Law and Analysis*

Having conducted a *de novo* review of the Report and Recommendation, the petition, the record, and the applicable law, the Court approves the Magistrate Judge's Report and Recommendation, and will briefly reiterate the analysis of Petitioner's claim provided in the Report and Recommendation.  First, the Court agrees that it lacks subject matter jurisdiction over the petition for a writ of *habeas corpus*, because Petitioner is no longer "in custody" with respect to his prior convictions.  Federal district courts have jurisdiction to entertain petitions for writs of *habeas corpus* only from persons who are "*in custody* in violation of the Constitution or laws or treaties of the United States."[18]  Once a sentence imposed for a conviction has fully expired, as in the case for Petitioner's prior convictions, a federal *habeas corpus* petitioner is no longer considered to be "in custody" with respect to that conviction.[19] Petitioner's sentences relating to the prior convictions challenged in the instant petition expired long ago, and may not provide the basis for this Court's subject matter jurisdiction.

The Court also agrees with the magistrate judge's Report and Recommendation that an alternative basis for dismissal of the instant petition is Petitioner's failure to file his petition within the time limitations period set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996[20] ("AEDPA"), which establishes a one-year statute of limitations for the filing of *habeas corpus* applications after the underlying criminal judgment becomes "final."[21]   Because Petitioner's prior convictions became final prior to enactment of the AEDPA, the United States

---

[18] 28 U.S.C. §§ 2241(c)(3) and 2254(a) (emphasis added).

[19] *Maleng v. Cook*, 490 U.S. 488, 492 (1989).

[20] Pub. L. No. 104-132, 110 Stat. 1214 (1996).

[21] 28 U.S.C. § 2244(d)

Fifth Circuit Court of Appeals has held that a grace period applies and that the one-year statute of limitations began to run in such cases on the AEDPA's effective date, April 24, 1996.[22] Therefore, Petitioner's one year-period for seeking federal *habeas corpus* review with respect to the prior convictions expired on April 24, 1997, unless that deadline was extended through tolling.  There is no basis in the record to entitle Petitioner to statutory or equitable tolling, and so, his federal application for *habeas corpus* relief had to be filed on or before April 24, 1997 in order to be timely. Because his federal application was not filed until March 14, 2012, it is deemed untimely and must be dismissed with prejudice.

Finally, the Court considers the central issue raised for the first time by Petitioner's objections to the Report and Recommendation: that Petitioner's prior convictions were used as aggravating factors against him in the second degree murder case for which he is currently serving time, despite the invalidity of the convictions.[23]  Petitioner does not clarify how the prior convictions were used against him, or whether it was during his trial on the second degree murder charges or by the judge in sentencing him.  Regardless, Petitioner's objection may be interpreted to challenge the sentence he is serving on his second degree murder conviction, as enhanced by the allegedly invalid prior convictions.   This argument would allow Petitioner to satisfy the "in custody" requirement for federal habeas jurisdiction in this Court.[24]  However, in *Lackawanna County District Attorney v. Coss*,[25] the United States Supreme Court considered "whether federal postconviction relief is available when a prisoner challenges a current sentence

---

[22] *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998); *see also United States v. Flores*, 135 F.3d 1000 (5th Cir. 1998) (applying one-year grace period to actions filed pursuant to 28 U.S.C. § 2255).

[23] Rec. Doc. 16 at pp. 2-3.

[24] *Maleng*, 490 U.S. at 493-94.

[25] 532 U.S. 394 (2001).

on the ground that it was enhanced based on an allegedly unconstitutional prior conviction for which the petitioner is no longer in custody."[26]  The Court held that:

> "[i]f . . . a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant ... may not collaterally attack his prior conviction through a motion under § [2254]."[27]

Therefore, Petitioner's objection must be overruled, because his prior convictions are no longer open to direct or collateral attack, and thus may not be relied upon to attack his conviction for second degree murder.

### III.  Conclusion

For the foregoing reasons, the Court affirms the Report and Recommendation of the United States Magistrate Judge.  Accordingly,

**IT IS HEREBY ORDERED** that the federal petition of Edmond D. Spencer for *habeas corpus* relief is **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA**, this __3rd__ day of June, 2013.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[26] *Id.* at 397.

[27] *Id.* at 402 (quoting and extending the holding of *Daniels v. United States*, 532 U.S. 374 (2001) to cover §2254 federal *habeas corpus* petitions directed at enhanced state sentences).