UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDMOND D. SPENCER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-758** |
| **BURL CAIN** | **SECTION: "G" (3)** |

### ORDER AND REASONS

Before the Court is Petitioner Edmond Spencer's ("Petitioner") "Motion for Reconsideration or Relief from Judgment" regarding the Court's adoption of the magistrate judge's Report and Recommendation denying Petitioner's seventh federal petition for habeas corpus. Rec. Doc. 33. No opposition was filed into the record. Therefore, the Court has reviewed and considered the Motion, the record, and the applicable law. For the reasons that follow, the Court will deny the Petitioner's Motion.

### I. Background

*A. Overview*

Petitioner Edmond D. Spencer is incarcerated at the Louisiana State Penitentiary, Angola, serving a life sentence for a second-degree murder conviction imposed in 1998. Seven years prior to that conviction, in 1991, Spencer entered guilty or "no contest" pleas to four different criminal counts. The matter currently before this Court for reconsideration involves the 1991 convictions.

For the 1991 convictions, Spencer received four sentences of various lengths, with the longest being eight years. The four sentences ran concurrently. Thus, the

1

sentences on all of Spencer's 1991 convictions have run; Spencer is presently incarcerated solely for his separate 1998 murder conviction.

## B. Procedural Background

On August 19, 1991, Spencer pleaded guilty under Louisiana law to simple burglary, battery on a police officer, and resisting arrest and "no contest" to unauthorized entry of an inhabited dwelling. On that same date, he was sentenced as follows: eight years on the simple burglary conviction; six years on the unauthorized entry conviction; and ninety days each on the battery on a police officer and resisting arrest convictions. It was ordered that all of those sentences run concurrently.

Spencer has sought to have his 1991 convictions for simple burglary, battery of a police officer and resisting arrest, and unauthorized entry of an inhabited dwelling overturned.[1] To that end, on July 19, 2010, Petitioner filed with a state district court a "Motion to Correct/Vacate an Illegal Sentence and Vacate an Illegal Guilty Plea." That motion was denied as untimely on July 26, 2010. His related writ applications were then likewise denied by the Louisiana First Circuit Court of Appeal on November 22, 2010, and by the Louisiana Supreme Court on November 18, 2011.

---

[1] Spencer has also filed numerous state and federal applications for post-conviction relief for his 1998 murder conviction. In this court, Spencer filed six separate federal habeas corpus petitions concerning his second-degree murder conviction. The Court consolidated five of these actions under Civil Action No. 12-0755 and proceeded as if it were dealing with a single petition containing the claims Spencer had asserted in his several petitions. On September 4, 2012, Magistrate Judge Daniel Knowles issued a Report and Recommendation that recommended that all of Spencer's claims be dismissed as untimely. *See* Case No. 12-0755 at Rec. Doc. 32 at 14–15. This Court adopted that recommendation on December 14, 2012, and accordingly dismissed all five petitions with prejudice. *Id.* at Rec. Doc. 36.

As for Spencer's sixth habeas petition, filed on September 14, 2012, the Court noted that that petition challenged Spencer's murder conviction on the same grounds as the previous five petitions, deemed the petition a second or successive petition pursuant to 28 U.S.C. § 2244, and transferred the petition to the Fifth Circuit. *See* Case No. 12-2219 at Rec. Doc. 5 at 1–5. The Fifth Circuit denied Spencer's request to pursue the petition in this Court. *Id.* at Rec. Doc. Nos. 5, 9. In response, on August 23, 2013, Spencer filed a motion for relief from judgment of that habeas petition, pursuant to Federal Rule of Civil Procedure 60(b), wherein he challenged the determination that his sixth petition was successive and therefore barred. *Id.* at Rec. Doc. 11. The Court denied Spencer's motion. *Id.* at Rec. Doc. 17.

With his state avenues for relief exhausted, Spencer turned to the federal courts. Spencer filed a habeas petition in this Court on March 16, 2012 relating to the 1991 convictions—that is, this matter, Civil Action No. 12-758. Rec. Doc. 1. In that petition, Spencer claimed that his guilty pleas to the 1991 charges were not knowing and voluntary because he was not advised of his rights. In a supplemental filing, he also argued that the trial court lacked jurisdiction to hear his case and accept his pleas. Magistrate Judge Daniel Knowles, in a Report and Recommendation to this Court, recommended that Petitioner's petition be denied. The magistrate judge cited two grounds. Rec. Doc. 15. First, the magistrate judge concluded that this Court lacks subject matter jurisdiction in this case because Petitioner is no longer in custody with respect to the convictions being challenged.[2] *Id.* at 1. Second, the magistrate judge concluded that, in any event, the petition is untimely. *Id.* This Court agreed and after considering Petitioner's objections to the magistrate judge's report, adopted the magistrate judge's Report and Recommendation on June 3, 2013. Rec. Doc. 29.

Petitioner then brought this pending motion for reconsideration of that decision— this Court's adoption of the magistrate judge's Report and Recommendation on June 3, 2013—asking the Court to reconsider its Order of June 3, 2013, in which it denied Petitioner's petition for writ of habeas corpus for his 1991 convictions. Rec. Doc. 33 at 2. Defendant Cain did not file a response.

---

[2] A habeas corpus petitioner must demonstrate that "he was in custody at the time he filed the petition." *Zalawadia v. Ashcroft*, 371 F.3d 292, 297 (5th Cir. 2004). Moreover, absent exceptional circumstances showing post-release restraints on liberty, e.g., supervised release, a habeas petition will become moot upon a prisoner's release even when filed prior to release. *Id.*; *see also United States v. Villanueva-Diaz*, 634 F.3d 844, 848–49 (5th Cir. 2011). Here, Petitioner filed his pending habeas petition regarding his 1991 convictions over a decade after he completed his sentences for those convictions.

3

## II. Arguments

*A. Petitioner's Arguments*

Petitioner asks the Court to reconsider its Order on June 3, 2013 adopting the magistrate judge's Report and Recommendation. Petitioner argues that the Court's Order on June 3, 2013 was incorrect because it violated certain rights of Petitioner. Specifically, Petitioner argues that,

> [H]e is entitled to Relief pursuant to Fed. Rules Civ. Proc. Rule 60(b) for the following reasons:
>
> 1. On February 4, 2013, this Court set a Hearing date for February 27, 2013, on petitioner's Motion to Consolidate Claims . . . For some unknown reason, the Hearing was never held before this Court.
> 2. In this Court's Order of June 3, 2013, this Court states in its reasons for denying Relief in petitioner's Petition for Writ of Habeas Corpus that "Petitioner does not clarify how the prior convictions were used against him . . . ."
> 3. Had this Court held the Hearing that was set for February 27, 2013, this Court would have learned the answer to this question, and petitioner could have presented evidence and supporting arguments as to how the prior convictions were used to support the conviction and sentence which he is now serving, and the basis for this Court's jurisdiction in this matter.
> 4. Instead, the Hearing was never held, and petitioner was denied his Constitutional right to Due Process. Petitioner was denied and deprived of the opportunity to present evidence and a fair determination by this Court. Rec. Doc. 33 at 1–2.

*B. Cain's Arguments*

Defendant Cain did not file a brief in opposition to Petitioner's motion despite receiving electronic notice of the filing on June 13, 2013.

## III. Law and Analysis

*A. Standard on a Motion for Reconsideration of a Judgment*

4

Federal Rule of Civil Procedure 60 regulates the procedures by which a party may obtain relief from a final judgment. 11 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2851 (3d ed. 2013). Rule 60(b) provides that a court "may relieve a party from a final judgment, order, or proceeding" under any of the following reasons:

(1) Mistake, inadvertence, surprise, or excusable neglect;
(2) Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by any opposing party;
(4) The judgment is void;
(5) The judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) Any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"Motions under Rule 60(b) are directed to the sound discretion of the district court, and its denial of relief upon such motion will be set aside on appeal only for abuse of that discretion." *Seven Elves v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981).

Rule 60(b) has been used to reopen a judgment in a habeas corpus proceeding. However, in the habeas context a court must evaluate the motion carefully to determine whether it actually is a successive habeas corpus application governed by the special procedures of 28 U.S.C. § 2244 rather than Rule 60(b). As explained by the Supreme Court in *Gonzalez v. Crosby*, the difference lies in the relief the petitioner is seeking. 545 U.S. 524, 532 (2005). Relief from the federal habeas judgment should be based on arguments relating to the conduct of the federal action and may be appropriate under one of the grounds under Rule 60(b), whereas relief premised on arguments relating to flaws in the underlying state-law conviction falls under 28 U.S.C. § 2244. *Id.; see also Abdur'Rahman v. Bell*, 537 U.S. 88 (2002) (Stevens, J., dissenting). In *Gonzalez v.*

*Crosby*, the Supreme Court ruled that a Rule 60(b) motion for relief challenging the district court's dismissal of a habeas petition as time-barred under § 2244(d) did not qualify as a successive petition. *Id.* As such, the petition was governed by Rule 60(b) and not 28 U.S.C. § 2244, and could proceed. *Id.* In making this ruling, the Supreme Court held that a Rule 60(b) motion, unlike a successive habeas petition, attacks "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id.*

Thus, a motion for reconsideration, "'[is] not the proper vehicle for rehashing evidence, legal theories, or arguments. . . .'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004). Instead, such motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *See* Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989). "It is well settled that motions for reconsideration should not be used . . . to re-urge matters that have already been advanced by a party." *Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990). Furthermore, a court "will not consider an issue raised for the first time in a Motion for Reconsideration." *Lincoln General Ins. Co. v. De La Luz Garcia*, 501 F.3d 436, 442 (5th Cir. 2007) (quoting *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999)). Such arguments are deemed to be waived. *Mungo v. Taylor*, 355 F.3d 969, 978 (7th Cir. 2004) (cited with approval in *Lincoln General Ins.*, 501 F.3d at 442)).

Reconsideration, therefore, is not to be lightly granted, as "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly," *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478–79 (citation omitted), and the motion must "clearly establish" that reconsideration is warranted. S*chiller v. Physicians Res.*

*Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted. *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 481 (M.D. La. 2002); *see also Mata v. Schoch*, 337 BR 138, 145 (S.D. Tex. 2005) (refusing reconsideration where no new evidence was presented); *FDIC v. Cage*, 810 F.Supp. 745, 747 (S.D. Miss. 1993) (refusing reconsideration where the motion merely disagreed with the court and did not demonstrate clear error of law or manifest injustice).

### B. Whether Reconsideration of the June 3, 2013 Order is Warranted

Here, Spencer's motion for reconsideration of a judgment under Rule 60(b) can be considered a true motion for reconsideration, per the Supreme Court's holding in *Gonzalez v. Crosby*. Spencer does not renew his attack on the state proceedings in his Rule 60(b) motion; rather, he calls into question "some defect in the integrity of the federal habeas proceedings," 545 U.S.at 532—namely, that he was not given a hearing in violation of his right to due process.

Specifically, Spencer asserts that he did not have an opportunity to "present evidence and supporting arguments as to how the prior [1991] convictions were used to support the [1998 murder] conviction and [life] sentence which he is now serving" to this Court before it issued its June 3, 2013 Order adopting the magistrate judge's Report and Recommendation. Rec. Doc. 33 at 2. Furthermore, Spencer contends that he did not have an opportunity to explain "the basis for this Court's jurisdiction in this matter." *Id.*

Contrary to Spencer's argument, a hearing was held. The matter was set for hearing on February 27, 2013. There was no request for oral argument, and no opposition

7

was filed. Additionally, a motion for relief from a judgment does not require an evidentiary hearing. Thus, Petitioner's claim that he was denied a hearing in violation of his right to due process is incorrect.

Moreover, Spencer contends that he was not afforded the opportunity to "present[] evidence and supporting arguments as to how the prior convictions were used to support the conviction and sentence which he is now serving . . . ." Rec. Doc. 33 at 2. However, Spencer is raising a new argument for the first time. Spencer has not previously asserted—not when this matter was pending before the magistrate judge or when he lodged his first objection to the magistrate judge's Report and Recommendation with this Court—that his 1991 convictions were used to support his 1998 murder conviction. A Rule 60 motion is not the place to make new arguments. Any arguments Spencer had as to how his 1991 convictions were used to support his 1998 murder conviction needed to be raised in his prior filings. He points to no reason why such information is part of "new evidence" or why he would have been unable to raise this claim when the matter was first submitted. By not timely making those arguments, Spencer has waived them. Nevertheless, considering this Court sustained the magistrate judge's recommendation that this Court did not have jurisdiction to hear this matter, and even if it did, this claim is untimely, Spencer's additional arguments would not appear to change the ultimate result here.

## IV. Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Petitioner's motion is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this __5th___ day of March, 2014.

*[signature: Nannette Jolivette Brown]*

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**